FRANK I. BRADEN, WILLIAM C. BRADEN AND CLYDE E. BRADEN, PARTNERSHIP DOING BUSINESS AS BRADEN CONSTRUCTION COMPANY, PETITIONER, *v.* WAR CONTRACTS PRICE ADJUSTMENT BOARD, RESPONDENT.

Docket No. 620–R. Promulgated July 21, 1948.

*Harry E. Judd, Esq.*, and *James D. Conway, Esq.*, for the petitioner.
*William T. Becker, Esq.*, for the respondent.

OPINION.

LEECH, *Judge*: The respondent determined that petitioner realized excessive profits of $131,177, within the purview of the Renegotiation Act, in the fiscal year ended December 31, 1943. Petitioner contends that such excessive profits amounted only to the sum of $97,718. The facts are stipulated and are so found. Briefly they may be summarized as follows:

Frank I. Braden, William C. Braden, and Clyde E. Braden are the members of a partnership doing business as Braden Construction Co., the petitioner, with its principal place of business in Hastings, Nebraska. Its principal business is grading, excavating, and road building.

In January 1943 the petitioner entered into a subcontract with the Maxon Construction Co., prime contractors, for certain excavating and grading work at the Naval Ammunition Depot, Hastings, Nebraska. Petitioner completed its work under this subcontract on May 20, 1943.

For the purpose of performing this subcontract, in addition to the equipment owned and furnished by it, petitioner rented certain equipment from the Central Construction Co. and the Hopkins Construction Co.

On completion of the subcontract with the Maxon Construction Co. petitioner and that company entered into an arrangement by which the Maxon Construction Co. was to use for the completion of its prime contract the equipment which had been rented by petitioner from the Central Construction Co. and the Hopkins Construction Co. Subsequent to May 20, 1943, petitioner received from the Maxon Construction Co. rental on the equipment owned by the Central Construction Co. in the amount of $32,703, and rental on the equipment owned by the Hopkins Construction Co. in the sum of $756. Petitioner paid these same amounts to the two owners of this equipment.

The total receipts of petitioner for the fiscal year 1943 were $647,392, the total expenditures applicable thereto were $368,007, and the total profit derived before Federal and state income taxes was $279,385. Of the total receipts of $647,392, the sum of $16,215 consisted of receipts from civilian business performed by petitioner, and was not subject to renegotiation.

Of the total of $647,392 received by petitioner in the fiscal year in question, $597,718 was received from the Maxon Construction Co. for the work of petitioner under its subcontract and the rental of its own equipment, and $33,459 was rental for the use of the equipment owned by the Central Construction Co. and the Hopkins Construction Co., as hereinabove detailed, or a total of $631,177.

The petitioner, in keeping its books and making its Federal income tax return, treated the aforesaid $33,459 received for rental of equipment as a receipt of income and the same amount as an expenditure.

The parties stipulate that if the aforesaid $33,459 is renegotiable income, the petitioner's excessive profits for the fiscal year here involved are $131,177, the sum determined by respondent, and that if this item is income not subject to renegotiation, then such excessive profits are in the sum of $97,718.

It is petitioner's contention that only the amount it received for the performance of its subcontract and the rental of its own equipment, totaling $597,718, is subject to renegotiation, and that the amount of $33,459, comprised of $32,703 paid for rental of equipment belonging to the Central Construction Co. and $756 paid for rental of equipment belonging to the Hopkins Construction Co., does not in fact constitute gross income subject to renegotiation.

The parties are in agreement that, under section 403 (c) (6) of the Renegotiation Act, no determination of such excessive profits by the petitioner may be made in excess of the amount by which the gross renegotiable income exceeds $500,000, and petitioner has stipulated that its excessive profits are in the maximum amount which may be determined. It is thus obvious that the determinative fact is the amount of petitioner's gross renegotiable income.

Petitioner's theory is that, having in its arrangement with the Maxon Construction Co. permitted the use of the equipment belonging to the Central Construction Co. and the Hopkins Construction Co. at the same rental it was obligated to pay those companies, the amounts received under that agreement, totaling $33,459, are not in fact gross income to it. It is argued that, since no profit to the petitioner was involved, it was merely in the nature of an agent or trustee for the two owners of this equipment.

With this theory we do not agree. It is stipulated that the use of this equipment by the Maxon Co. occurred under a contract between that company and petitioner. There is no indication that the owners of the equipment were parties to the arrangement or even had knowledge thereof. Under the facts as stipulated, had the Maxon Construction Co. failed to pay the agreed rental, the owners of the equipment could have required petitioner to pay these rentals. Such a condition makes impossible a conclusion that petitioner was merely an agent or trustee. The mere fact that petitioner made no profit on this transaction is not important. Its character, for present purposes, would be the same if petitioner had made a profit or had sustained a loss. We hold that the $33,459 in question constituted renegotiable gross income to petitioner. Under the stipulation of the parties, the determination of this fact requires that the action of respondent in this determination as to excessive profits be sustained, and such profits are determined to be in the sum of $131,177.

*Decision will be entered in accordance herewith.*